UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00502-FDW-DSC

| | |
|---|---|
| MARK WEST, *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) ORDER |
| CONTINENTAL AUTOMOTIVE, INC., *et al.*, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Continental Automotive, Inc. and Pension Plan for Hourly-Paid Employees of Continental Automotive, Inc. and Certain Affiliated Companies ("Defendants'") Motion to Dismiss Plaintiffs' Complaint (Doc. No. 23). For the reasons stated below, Defendants' Motion to Dismiss is DENIED *without prejudice*.

## I. BACKGROUND

Plaintiffs filed the instant class action on June 29, 2016, and allege Defendants violated the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") when they improperly calculated Plaintiffs' vesting and eligibility service under the plain terms of the pension plan. (Doc. No. 1, ¶ 187). Plaintiffs' Complaint alleges two causes of action on behalf of the proposed class: (1) Wrongful Denial of Benefits under ERISA § 502(a); and (2) Breach of Fiduciary Duty under ERISA §§ 404 and 502(a). (Doc. No. 1). Defendants moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Doc. No. 23) on the grounds that Plaintiffs wrongful denial of benefits claim is barred for failure to exhaust administrative remedies; and Plaintiffs cannot

1

state a claim for breach of fiduciary duty because the wrongful denial of benefits claim already provides an adequate remedy.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the 'legal sufficiency of the complaint' but 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Clark v. O'Rourke, 2011 WL 1400429, at *2, *adopted*, WL 1399803 (W.D.N.C. 2011) (quoting Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000)). Ordinarily, the burden of establishing an affirmative defense rests on the defendant. Goodman v. Praxair, Inc., et al., 494 F.3d 458, 464 (4th Cir. 2007) (citing FED. R. CIV. P. 8(c)). However, an affirmative defense may be reached through a 12(b)(6) motion to dismiss as long as "all facts necessary to the affirmative defense clearly appear on the face of the complaint." Id. at 464 (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

## III. ANALYSIS

Defendants contend that Plaintiff's wrongful denial of benefits claim should be dismissed for failure to exhaust administrative remedies. Plaintiffs acknowledge that administrative remedies were not pursued but argue that the futility exception to the exhaustion requirement applies. (Doc. No. 28).

ERISA plaintiffs are not obligated to plead exhaustion or futility because failure to exhaust is an affirmative defense that must be pled and proven by the defendant. Rogers v. Unitedhealth Grp., Inc., 144 F. Supp. 3d 792, 802-03 (D.S.C. Oct. 26, 2015); Taylor v. Oak Forest Health and Rehabilitation, LLC, No. 1:11-CV-471, 2013 U.S. Dist. LEXIS 119279, at *7 (M.D.N.C. Aug. 22,

2013). Once a Defendant raises the failure to exhaust affirmative defense under ERISA, a plaintiff may argue that an exception applies. See Kunda v. C.R. Bard, Inc., 671 F.3d 464, 472 (4th Cir. 2011). The Fourth Circuit recognizes a futility exception and requires plaintiff make a "clear and positive" showing that exhausting administrative remedies would be useless. Kunda, 671 F.3d at 472; Makar v. Health Care Corp., 872 F.2d 80, 83 (4th Cir. 1989). The analysis is a fact-intensive inquiry to ensure that waiver of the exhaustion requirement does not conflict with the requirement's purposes. Simmons v. Pilgrim, No. 2:09-CV-121, 2010 U.S. Dist. WL 4683745, at *4-5 (N.D.W.Va. Nov. 10, 2010) (finding futility where plaintiff showed existence of defendant's fixed policy denying benefits); Nessell v. Crown Life Ins. Co., 92 F. Supp. 2d 523, 529 (E.D.Va. 2000) (finding futility where defendant refused to turn over copies of plan documents and medical reports, and told the plaintiff the decision was final); O'Bryhim v. Reliance Standard Life Ins. Co., 997 F. Supp. 728, 731 (E.D.Va. 1998) (finding futility after plaintiff demonstrated defendant failed to respond to three prior appeals); see also Makar, 872 F.2d at 83 (enumerating purposes of exhaustion requirement).

Plaintiffs plead futility even though they are not obligated to do so. Plaintiffs allege a full administrative appeal of the plan interpretation issue in the instant case was previously presented to Defendants, that Defendants continue to oppose the plan interpretation over three years and two court decisions, and finally, Defendants reduced this opposition into writing as recently as March of this year. (Doc. No. 1, ¶¶ 171-74). Plaintiffs present a plausible argument supported by factual allegations that an exception to the exhaustion requirement should apply and it is not apparent that "all facts necessary to the affirmative defense [of exhaustion] clearly appear on the face of the complaint." Goodman, 494 F.3d at 464. Therefore, the Court finds that it is premature to dismiss

Plaintiffs' wrongful denial of benefits claim based on Defendants' failure to exhaust arguments. Accordingly, Defendants' Motion to Dismiss Plaintiffs' claim is DENIED *without prejudice*. Defendants are free to reassert their exhaustion arguments again at summary judgment.

Based on the Court's decision above denying Defendants' Motion to Dismiss Plaintiffs' wrongful denial of benefits claim, the Court finds that resolution of the Defendants' arguments to dismiss Plaintiffs' breach of fiduciary duty claim is not appropriate at this time. Accordingly, Defendants' motion to dismiss Plaintiffs' breach of fiduciary duty claim is DENIED *without prejudice*.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. No. 23) is DENIED *without prejudice*.

IT IS SO ORDERED.

Signed: November 2, 2016

Frank D. Whitney
Chief United States District Judge