UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:16-cv-502-FDW-DSC

| | |
|---|---|
| MARK WEST *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CONTINENTAL AUTOMOTIVE, INC.,<br>and PENSION PLAN FOR HOURLY-<br>PAID EMPLOYEES OF CONTINENTAL<br>AUTOMOTIVE, INC. and CERTAIN<br>AFFILIATE COMPANIES,<br><br>    Defendants. | ORDER |

**THIS MATTER** is before the Court upon Plaintiffs' Motion for Class Certification (Doc. No. 37) to certify claims for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* by Defendants Continental Automotive, Inc., and Pension Plan for Hourly-Paid Employees of Continental Automotive, Inc. and Certain Affiliated Companies ("Plan")("Defendants"). Having considered Plaintiffs' Motion and Memorandum in Support, Defendants' Response in Opposition, Plaintiffs' Reply, and having held a hearing on the Motion on April 6, 2017, the Court finds that Plaintiffs have satisfied the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' Motion for Class Certification is GRANTED.

I.    **BACKGROUND**

Plaintiffs are participants in and beneficiaries of the Plan, which is an employee pension benefit plan governed by ERISA and sponsored by Continental Automotive, Inc. Plaintiffs and

Plaintiff Anne Marie Ross' husband Joseph Ross worked at Continental Tire North America, Inc.'s Charlotte facility.

Plaintiffs assert in their Complaint that Defendants violated ERISA by improperly excluding and thereby miscalculating their Vesting and Eligibility Service under the Plan for the period of time they were laid off with recall rights. See Complaint, ¶43, 55, 67, 78, 92, 97-104, 123-128, 136-43, 149-55, 162-67 (Doc. No. 1). In this action, Plaintiffs are pursuing both a denial of benefits claim under ERISA Section 502(a)(1)(B) (Count I), and a breach of fiduciary duty claim under ERISA Section 502(a) (Count II), see Complaint, p. 24-28, and are seeking recalculation of their benefits under the Plan as well as an injunction requiring the Plan to calculate the benefits in the future to include Vesting and Eligibility Service for the period of time that participants were laid off with recall rights.

## II. DISCUSSION

Federal Rule of Civil Procedure 23 sets forth the requirements for certification of a class. Plaintiffs who propose to represent the class bear the burden of establishing that Rule 23 requirements are met. See Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 (4th Cir. 2001); Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1267 (4th Cir. 1981). As a threshold matter under Rule 23(a), Plaintiffs seeking to certify a class must demonstrate: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a); Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 423 (4th Cir. 2003), cert. denied, 542 U.S. 915 (2004).

### A. **Rule 23(a) Requirements**

   *i.    Numerosity*

With respect to Rule 23(a), the Court finds that Plaintiffs have demonstrated, and Defendants do not contest, that the proposed class is so numerous that joinder of all members is impracticable. Specifically, there are approximately sixty (60) members of the Class. This showing is sufficient to satisfy Rule 23(a)(1)'s numerosity requirement.

   *ii.    Commonality and Typicality*

With regard to the commonality and typicality requirements, the Fourth Circuit has recognized that "only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class." Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 340 (4th Cir. 1998) (citing Mace v. Van Ru Credit Corp., 109 F.3d 338, 341 (7th Cir. 1997)). While the commonality and typicality requirements of Rule 23(a) do not mandate that members of the class have identical factual and legal claims in all respects, the class claims should be fairly encompassed by the named Plaintiffs' claims. Broussard, 155 F.3d at 344 (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019-20 (9th Cir. 1998); Sprague v. Gen. Motors Corp., 133 F.3d 388, 399 (6th Cir. 1998), cert. denied, 524 U.S. 923 (1998)).

The claims Plaintiffs seek to advance on behalf of the class all arise under the same statute, 29 U.S.C. § 1001 *et seq*., and the same plan document. More specifically, the named Plaintiffs' claims arise from the same course of conduct (Defendants' alleged improper exclusion and thereby miscalculation of their Vesting and Eligibility Service under the Plan for the period of time they were laid off with recall rights), and are based on the same legal theory (that through this conduct, Defendants misinterpreted the terms of the Plan and failed to comply with ERISA, and are therefore liable). This is sufficient to satisfy Rule 23(a)(2)'s commonality requirement.

As to the typicality requirement, the named Plaintiffs and the potential class members share the: 1) same factual allegations as to Defendants' alleged unlawful conduct; 2) same legal claims that Defendants' conduct violates ERISA and the governing plan document; and 3) same interest in proving Defendants' liability. Thus, Plaintiffs have established that their claims are typical of the class because their interests are aligned with those of the potential class, and in pursuing their own claims, Plaintiffs will advance the interests of the class members. See Trull v. Dayco Prods., LLC, 214 F.R.D. 394, 401-02 (W.D.N.C. 2003). While this Court makes no determinations on the merits of those claims, the Court finds that Plaintiffs' allegations are typical of those of other potential class members. Therefore, based on the allegations in Plaintiffs' Complaint, the parties' briefing related to Plaintiffs' Motion for Class Certification (Doc. Nos. 37-41), and Plaintiffs' stipulation at the hearing that Plaintiffs are pursuing only injunctive relief under their breach of fiduciary duty claim seeking to prevent Defendants from interpreting the Plan to exclude Vesting and Eligibility Service for other participants and beneficiaries in the future, the Court finds that there are one or more questions of fact and/or law common and typical of the claims of the class. Accordingly, the Court finds that Plaintiffs have satisfied their typicality and commonality burden under Rule 23(a).

### iii. Adequacy

The final requirement of Rule 23(a)(4) considers the adequacy of representation, and Plaintiffs have satisfied their burden. Specifically, the Court finds the interests of the named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Class and there is no evidence of a direct conflict of interest between the named Plaintiffs and the class they seek to represent. Plaintiffs have stipulated that Stacia Wilkes is not an appropriate class representative based upon the refined class definition. Further, Plaintiffs have demonstrated a

willingness to prosecute the claims through participation in the discovery process. Plaintiffs' counsel have also satisfied their obligation under Rule 23(a)(4) and (g) to demonstrate their qualifications to serve as class counsel based on their familiarity with this case, ERISA litigation in general and, more specifically, complex ERISA class action practice, as well as their prior appointments as class counsel.

Therefore, based on the allegations in Plaintiffs' Complaint, the parties' briefing related to Plaintiffs' Motion for Class Certification (Doc. Nos. 37-41), and Plaintiffs' stipulation at the hearing that Plaintiffs are pursuing only injunctive relief under their breach of fiduciary duty claim, seeking to prevent Defendants from interpreting the Plan to exclude Vesting and Eligibility Service for other participants and beneficiaries in the future, the Court finds that the requirements of Rule 23(a)(4) are met.

### B. Rule 23(b) Requirements

Once Plaintiffs meet the requirements under Rule 23(a), Plaintiffs must then demonstrate that the proposed class falls within one of three categories enumerated in Rule 23(b). Gunnells, 348 F.3d at 423. Here, Plaintiffs seek class certification under either Rule 23(b)(1) or Rule 23(b)(2). Based on the allegations in Plaintiffs' Complaint, the parties' briefing related to Plaintiffs' Motion for Class Certification (Doc. Nos. 37-41), and Plaintiffs' stipulation at the hearing that Plaintiffs are pursuing only injunctive relief under their breach of fiduciary duty claim, the Court finds that Plaintiffs may maintain their class action under Rule 23(b)(1). Specifically, the Court finds that the prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications as to individual class members and would establish incompatible standards of conduct for the parties opposing the claims asserted in the action. FED. R. CIV. P. 23(b)(1).

ERISA cases in which plaintiffs challenge the computation of benefits are often certified under rule 23(b)(1). E.g. Pender v. Bank of America, Corp., 269 F.R.D. 589, 596 (W.D.N.C. August 25, 2010); Wagener v. SBC Pension Benefit Plan—Nonbargained Prog., No. 03-769, slip op. at 3 (D.D.C. September 21, 2005); In re Amsted Indus., Inc. "ERISA" Litig., No. 01-C2963, 2002 WL 31818964, at *2 (N.D. Ill. Dece. 16, 2002). In the instant case, there is a risk that class members would seek relief in other courts, leading to conflicting interpretations of the Plan and conflicting remedies. Inevitably, this will likely lead to "incompatible standards of conduct for the party opposing the class." FED. R. CIV. P. 23(b)(1)(A). Accordingly, Plaintiffs may maintain their class action under Rule 23(b)(1).

**C. Statute of Limitations**

Defendants asserted in response to Plaintiffs' Motion that Plaintiffs' claim for benefits could not meet Rule 23(a)'s typicality and adequacy requirements or Rule 23(b)'s requirements because the Court would need to make an individualized inquiry as to whether Plaintiffs' claims for benefits were filed outside the statute of limitations. See Doc. No. 39, pp. 13-18, and 22 n. 9.

In the Fourth Circuit, where there is no formal denial of a claim for benefits, the limitations period begins to run at "the time at which some event other than a denial of a claim should have alerted [the plaintiffs] to [their] entitlement to the benefits [they] did not receive." Cotter v. E. Conference of Teamsters Ret. Plan, 898 F.2d 424, 429 (4th Cir. 1990). "Under this approach, 'a formal denial is not required if there has already been a repudiation of the benefits by the fiduciary which was clear and made known to the beneficiary.'" Bond v. Marriott Int'l, Inc., 637 F. App'x 726, 732 (4th Cir. 2016) (quoting Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 520-21 (3d Cir. 2007)). "This rule provides that when a fiduciary gives a claimant clear and unequivocal repudiation of benefits that alone is adequate to commence accrual, regardless of whether the

6

repudiation is formal or not." Innes v. Barclays Bank PLC USA Staff Pension Plan, 2017 U.S. Dist. LEXIS 3853, at *18 (W.D. Va. Jan. 11, 2017) (quoting Morrison v. Marsh & McLennan Cos., 439 F.3d 295, 302 (6th Cir. 2006)). Here, based on the documents and information Defendants submitted in response to Plaintiffs' Motion, the Court finds that Defendants cannot show that there was a "clear repudiation" of benefits by the Plan and, therefore, the Court rejects Defendants' assertions that Plaintiffs cannot meet the typicality or adequacy of representation requirements under Rule 23(a) or the requirements of Rule 23(b) on the grounds that Plaintiffs' claims are untimely.

### D. Summary of Findings

Based on the findings as set forth above, the Court certifies the following as the Class under Federal Rule of Civil Procedure 23(b)(1):

> **Class 1**: All individuals who are or were participants or beneficiaries under the Pension Plan for Hourly-Paid Employees of Continental Automotive, Inc. and Certain Affiliated Companies at the Charlotte, North Carolina Plant for a minimum of three years whose recall rights expired on or after January 1, 2008, and their eligible spouses, dependents, and survivors, who are now receiving, are entitled to receive, or will be entitled to receive retirement or pension benefits under the Plan, and whose benefit calculations by Defendants failed to include Vesting and Eligibility Service during periods of layoff with recall rights and for whom additional Vesting and Eligibility Service would impact their eligibility for benefits under the Plan.
>
> **Class 2**: All individuals who are or were participants or beneficiaries under the Pension Plan for Hourly-Paid Employees of Continental Automotive, Inc. and Certain Affiliated Companies at the Charlotte, North Carolina Plant for a minimum of three years whose recall rights expired on or after January 1, 2008, and their eligible spouses, dependents, and survivors, who accepted lump sum distributions of their retirement or pension benefits from the Plan, and whose benefit calculations by Defendants failed to include Vesting and Eligibility Service during periods of layoff with recall rights and for whom additional Vesting and Eligibility Service would impact their eligibility for benefits under the Plan.

The Court finds that the Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).

E.  **Appointment of Class Counsel**

As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel (as defined below) has done in identifying or investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this action; and (iv) the resources Class Counsel has committed to representing the Class.  Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Class.  Accordingly, pursuant to Fed. R. Civ. P. 23(g)(2), the Court designates Norris A. Adams, II, Edward G. Connette, and Caitlin H. Walton as co-lead counsel ("Class Counsel") with respect to the Class in this action.

F.  **Appointment of Class Representatives**

The Court finds that Plaintiffs Mark West, Rickie Don Bash, Raynard Stewart Moore, Sharlene Knight, Bruce Adams, Brian Thompson, Michael McManus, Steven Price, and Carl Harvell are adequate representatives for the Class and, therefore, hereby appoints Mark West, Rickie Don Bash, Raynard Stewart Moore, Sharlene Knight, Bruce Adams, Brian Thompson, Michael McManus, Steven Price, and Carl Harvell as representatives of the Class.  The Court finds that Stacia Wilkes is not an appropriate class representative and, therefore, declines to appoint Stacia Wilkes as a class representative.

G. **Class Notice**

The Parties have presented to the Court a proposed Class Notice which is appended hereto as Exhibit A.  The Court approves the form and content of the Class Notice finding that it fairly and adequately describes the claims in the lawsuit and the defenses to the claims, the nature and

purpose of a Class Action, describes why this lawsuit has been certified as a Class Action, describes who is a member of the Class, identifies Class Counsel as Essex Richards, P.A., and advises of the binding effect of all Orders the Court issues and judgments the Court makes in this action. The Parties have proposed communicating the Class Notice to Members of the Class via U.S. Mail, and the Court finds that such proposed manner is adequate. The Court directs that Defendants shall, by no later than sixty (60) days after the Court enters this Order, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated to the last known address of each member of the Class who can be identified by reasonable effort.

### III. CONCLUSION

In sum, Plaintiffs' Motion for Class Certification (Doc. No. 37) is GRANTED based on the satisfaction of Rule 23 of the Federal Rules of Civil Procedure.

Signed: June 7, 2017

Frank D. Whitney
Chief United States District Judge

**EXHIBIT A**

**Court Approved Class Notice**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-502

MARK WEST, *et al.*,

        Plaintiffs,

vs.

CONTINENTAL AUTOMOTIVE, INC.,
and PENSION PLAN FOR HOURLY-PAID
EMPLOYEES OF CONTINENTAL
AUTOMOTIVE, INC. AND CERTAIN
AFFILIATE COMPANIES,

        Defendants.

## NOTICE OF CLASS ACTION

This is a Notice about a class action lawsuit called *West, et al. v. Continental Automotive, Inc. et al.*, Civil Action No. 3:16-cv-502 (W.D.N.C.). You are receiving this Notice because records show that: (a) you are or were a participant in or a beneficiary of the Pension Plan for Hourly-Paid Employees of Continental Automotive, Inc. and Certain Affiliated Companies (the "Plan"); (b) you were employed at the Charlotte, North Carolina Plant for a minimum of three years before being laid off with recall rights; (c) your recall rights expired on or after January 1, 2008; and (d) additional Vesting and Eligibility Service could impact your eligibility for benefits under the Plan.

Certain participants of the Plan assert that Continental Automotive, Inc. and the Plan ("Defendants") wrongfully denied them benefits by improperly excluding and thereby miscalculating their Vesting and Eligibility Service under the Plan for the period of time they were laid off with recall rights. As a result, Plaintiffs claim that the calculations of their pension benefits owed, owing or paid (including paid by a lump sum distribution from the Plan) are incorrect.

The Court has certified a class action on behalf of Plaintiffs and all similarly-situated individuals. The Court has not decided whether Plaintiffs' claims are correct or whether Defendants did anything wrong. There are no additional benefits available now, and no guarantee there ever will be. The Court has authorized this notice to inform you of this class action, and that your legal rights may be affected by it.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**..................................................................................................................PAGE 2
      1.      Why did I get this notice?
      2.      What is this lawsuit about?
      3.      What is a class action and who is involved?
      4.      Why is this lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT** ...............................................................................................PAGE 3
      5.      What does the lawsuit complain about?
      6.      How do Defendants answer?
      7.      Has the Court decided who is right?
      8.      Are additional benefits available now?

**WHO IS IN THE CLASS** ...............................................................................................................PAGE 3
      9.      Am I part of this Class?

**YOUR RIGHTS AND OPTIONS**...................................................................................................PAGE 4
      10.     What happens if I do nothing at all?

**THE LAWYERS REPRESENTING YOU** ...................................................................................PAGE 4
      11.     Who represents me?
      12.     Should I get my own lawyer?
      13.     How will the lawyers be paid?

**THE TRIAL**....................................................................................................................................PAGE 5
      14.     How and when will the Court decide who is right?
      15.     Do I have to come to the trial?
      16.     Will I get additional benefits after the trial?
      17.     Will I lose any of my current benefits if Plaintiffs lose as a result of the trial?

**GETTING MORE INFORMATION** .............................................................................................PAGE 6
      18.     Where do I obtain additional information?

**BASIC INFORMATION**

**1. Why did I get this Notice?**

Defendants' records show that: (a) you are or were a participant in or a beneficiary of the Plan; (b) you were employed at the Charlotte, North Carolina Plant for a minimum of three years before being laid off with recall rights; (c) your recall rights expired on or after January 1, 2008; and (d) additional Vesting and Eligibility Service could impact your eligibility for benefits under the Plan. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you.

**2. What is this lawsuit about?**

This lawsuit claims that Defendants improperly denied Plan participants benefits under the Pension Plan in violation of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), and breached their fiduciary duty under ERISA, by improperly excluding and thereby miscalculating their Vesting and Eligibility Service under the Plan for the period of time they were laid off with recall rights. <u>Defendants deny these claims</u>.

**3. What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The persons who sued — and all the Class Members like them — are called the Plaintiffs. The parties they sued (in this case Continental Automotive, Inc. and the Plan) are called the Defendants. One court resolves issues for everyone in the Class.

**4. Why is this lawsuit a class action?**

The Court decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are approximately 60 persons who may be entitled to relief from this class action if Plaintiffs prevail on their claims;
- There are legal questions and facts that are common to each of them;
- Plaintiffs' claims are typical of the claims of the rest of the Class;
- Plaintiffs and the lawyers representing the Class will fairly and adequately represent the Class' interests;
- This single class action will be more efficient than having many individual lawsuits.

## THE CLAIMS IN THE LAWSUIT

### 5. What does the lawsuit complain about?

In the lawsuit, Plaintiffs claim that Defendants improperly denied them pension benefits under the Plan in violation of federal law by improperly excluding and thereby miscalculating their Vesting and Eligibility Service under the Plan by excluding the period of time in which they were laid off with recall rights. To that end, Plaintiffs are pursuing two claims: (1) a denial of benefits claim to have their Vesting and Eligibility Service recalculated to include the time period Plaintiffs were on layoff with recall rights, and (2) a breach of fiduciary duty claim to require Defendants to interpret the Plan to include the time period the Plan's participants were on layoff with recall rights in their Vesting and Eligibility Service in the future.

### 6. How do Defendants respond to Plaintiffs' allegations?

Defendants deny Plaintiffs' allegations. Defendants contend that the Plan has and is properly calculating Plan participants' Vesting and Eligibility Service and, therefore, the amount of benefits owed, owing or paid (including paid by a lump sum distribution from the Plan) are correct. Defendants also argue that Plaintiffs cannot assert both their benefits claim and their breach of fiduciary duty claim under applicable law. Defendants have also asserted affirmative defenses to Plaintiffs' claims that may defeat or limit Plaintiffs' remedies.

### 7. Has the Court decided who is right?

The Court has not decided whether Plaintiffs or Defendants are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that Plaintiffs or Defendants will win or lose this case. Plaintiffs must prove their claims at a trial, currently scheduled to start at the first available term of court commencing on or after November 6, 2017.

### 8. Are additional benefits available now?

No additional benefits are available now because the Court has not yet decided whether Plaintiffs or Defendants are correct. There is no guarantee that additional benefits will ever be obtained. If they are, you will be notified.

## WHO IS IN THE CLASS

### 9. Am I part of this Class?

Judge Frank D. Whitney of the United States District Court for the Western District of North Carolina is overseeing this class action. Judge Whitney has decided that the following two classes of people are part of the class action:

Class 1: All individuals who are or were participants or beneficiaries under the Pension Plan for Hourly-Paid Employees of Continental Automotive, Inc. and Certain Affiliated Companies at the Charlotte, North Carolina Plant for a minimum of three years whose recall rights expired on or after January 1, 2008, and their eligible spouses, dependents, and survivors, who are now receiving, are entitled to receive, or will be entitled to receive retirement or pension benefits under the Plan, and whose benefit calculations by Defendants failed to include Vesting and Eligibility Service during periods of layoff with recall rights and for whom additional Vesting and Eligibility Service would impact their eligibility for benefits under the Plan.

Class 2: All individuals who are or were participants or beneficiaries under the Pension Plan for Hourly-Paid Employees of Continental Automotive, Inc. and Certain Affiliated Companies at the Charlotte, North Carolina Plant for a minimum of three years whose recall rights expired on or after January 1, 2008, and their eligible spouses, dependents, and survivors, who accepted lump sum distributions of their retirement or pension benefits from the Plan, and whose benefit calculations by Defendants failed to include Vesting and Eligibility Service during periods of layoff with recall rights and for whom additional Vesting and Eligibility Service would impact their eligibility for benefits under the Plan.

If you are still not sure whether you are included, you can call or write to the lawyers in this case at the phone number, email address, or address listed below.

## YOUR RIGHTS AND OPTIONS

### 10. What happens if I do nothing at all?

You do not have to do anything now if you want to keep open the possibility of receiving additional benefits from this lawsuit. If Plaintiffs obtain relief on your behalf, either as a result of the trial or a settlement, you will be notified. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action

## THE LAWYERS REPRESENTING YOU

### 11. Who represents me?

The Court has decided that Norris A. Adams, II, Edward G. Connette, and Caitlin H. Walton of the law firm Essex Richards, P.A. are qualified to represent you and all Class Members. Together they are called "Class Counsel." They are experienced in handling similar cases. More information about Essex Richards, P.A., its practices, and its lawyers' experience is available at www.essexrichards.com.

### 12. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. However, you may hire your own lawyer. If you choose to do so, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 13. How will the lawyers be paid?

If the Court determines that Plaintiffs have prevailed in this action, Class Counsel may seek attorneys' fees under ERISA. If the Court grants Class Counsel's petition, their fees and expenses would be paid separately by Defendants.

## THE TRIAL

### 14. How and when will the Court decide who is right?

*Class Counsel will have to prove Plaintiffs' claims at a bench trial. The bench trial is set to begin at the first available term of court commencing on or after **November 6, 2017** in the United States District Court for the Western District of North Carolina, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202. During the trial, Judge Frank D. Whitney will hear all of the evidence to help him reach a decision about whether Plaintiffs or Defendants are right about the claims in the lawsuit. There is no guarantee that Plaintiffs will win, or that they will get any relief for the Class.*

### 15. Must I attend the trial?

No. Attendance is not required. Class Counsel will present the case for Plaintiffs, and the attorneys for Defendants will present the defenses. You or your personal attorney, or both, are welcome to attend the trial at your own expense.

### 16. Will I get additional benefits after the trial?

If Plaintiffs prevail at the trial or the parties enter into a settlement, you will be notified about how to participate. We do not know how long this will take.

### 17. Will I lose any of my current benefits if Plaintiffs lose as a result of the trial?

No. None of the claims or defenses in this lawsuit will reduce your current benefits you might be receiving, or any lump sum you might have elected to receive in the past as a result of any distribution opportunity.

## GETTING MORE INFORMATION

**18. Where do I obtain additional information?**

For more information, or if you have any questions, please feel free to contact Class Counsel by calling (704) 377-4300 and asking for Norris Adams; by emailing Norris Adams at nadams@essexrichards.com, or by writing to:

Essex Richards, P.A.
ATTN: Norris A. Adams, II
1701 South Boulevard
Charlotte, NC 28203

Documents are also available at the Office of the Clerk located at Charles R. Jonas Federal Building, 401 West Trade Street, Room 210, Charlotte, North Carolina 28202.

**DATED: June __, 2017**