UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00502-FDW-DSC

MARK WEST, RICKIE DON BASH, RAYNARD STEWART MOORE, SHARLENE KNIGHT, ANNA MARIE ROSS, BRUCE ADAMS, BRIAN THOMPSON, MICHAEL MCMANUS, STEVEN PRICE, CARL HARVELL, STACIA ANDREA WILKES, *and all others similarly situated*,

      Plaintiffs,

vs.

CONTINENTAL AUTOMOTIVE, INC., *et al.*,

      Defendants.

ORDER

THIS MATTER is before the Court on the Parties' Joint Motion for Preliminary Approval of a Settlement (the "Settlement") of this Class Action (the "Action") (Doc. No. 50). This Action was brought by Plaintiffs Mark West, Rickie Don Bash, Raynard Stewart Moore, Anne Marie Ross, Bruce Adams, Brian Thompson, Michael McManus, Steven Price, and Carl Harvell,[1] on behalf of themselves and all others similarly situated, asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") against Continental Automotive, Inc. ("Continental") and the Pension Plan for Hourly-Paid Employees of Continental Automotive, Inc. and Certain Affiliated Companies (the "Plan") (collectively, "Defendants") ("Plaintiffs" and "Defendants" collectively are the "Parties"). The

---

[1] Plaintiffs dismissed Stacia Andrea Wilkes and Sharlene Knight as named plaintiffs on April 13, 2017 and August 10, 2017, respectively. (Doc. Nos. 43 and 47.)

1

terms of the Settlement are set out in a fully executed Settlement Agreement (the "Settlement Agreement"), which has been signed on behalf of the Class Representatives by Plaintiff Mark West and by Defendants. (Doc. No. 50-1.) Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

The Court having considered the Parties' Joint Motion for Preliminary Approval and the Settlement Agreement attached thereto in order to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to the Class Members, hereby GRANTS the Parties' Joint Motion for Preliminary Approval, as more fully explained below.

IT IS THEREFORE HEREBY ORDERED THAT:

<u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Class.

<u>Preliminary Approval of Settlement</u>. The Settlement documented in the Settlement Agreement is hereby PRELIMINARILY APPROVED, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Settlement Agreement was executed only after Class Counsel had conducted a thorough examination and review of the relevant law, facts, and allegations to assess the merits of Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Plaintiffs' entitlement to benefits and Defendants' compliance with the requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Settlement Agreement is sufficient to warrant sending notice of the Settlement to the Class.

<u>Fairness Hearing</u>. A hearing (the "Fairness Hearing") pursuant to Rule 23(e), FED. R.CIV. P., is hereby SCHEDULED to be held before the Court on **February 5, 2018 at 2:00 PM** in Courtroom #1-1, United States District Court for the Western District of North Carolina, Charles

R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202 to determine finally, among other things:

(a) Whether the Settlement should be approved as fair, reasonable, and adequate;

(b) Whether a Final Approval Order should be entered;

(c) Whether Defendants should be released of and from the Class' claims, as provided in the Settlement Agreement;

(d) Whether the Notices sent (i) were reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Settlement, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(e) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Class and whether Plaintiffs have acted independently; and

(f) Any other issues necessary for approval of the Settlement.

<u>Class Notice</u>. The Parties have presented to the Court a proposed Supplemental Class Action Notice which is appended to the Joint Motion for Preliminary Approval as Exhibit 2. (Doc. No. 50-2.) The Court APPROVES the form and content of the Supplemental Class Action Notice finding that it fairly and adequately: (1) describes the terms and effect of the Settlement Agreement and of the Settlement; (2) gives notice to the Class of the time, place, and location of the Fairness Hearing; (3) describes how Class Members may object to approval of the Settlement; (4) gives notice that Class Members may enter an appearance through counsel if the member so desires; and (5) the binding effect of a class judgment on Class Members. The Parties have proposed

communicating the notice to Class Members via certified U.S. Mail, and the Court finds that such proposed manner is adequate. The Court further finds that the mailing of the Supplemental Class Action Notice in addition to the Class Notice that was previously approved by the Court and mailed by Defendants on August 7, 2017, is the only notice required, and that such notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

The Court directs that Defendants shall within ten (10) calendar days of the entry of this Order cause the Supplemental Class Action Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated to the last known address of each Class Member who can be identified by reasonable effort.

At or before the Fairness Hearing, Defendants shall file with the Court a proof of timely compliance with the foregoing mailing requirements.

<u>Objections to Settlement</u>. "Objector" shall mean any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or to any term of the Settlement Agreement. Any Objector must file with the Court all papers and briefs they propose to discuss at the Fairness Hearing, including a written statement setting forth: (a) the name, address, and telephone number of the Class Member asserting the objection (and, if applicable, the name, address, and telephone number of the Objector's attorney); (b) a statement of each objection asserted; (c) a detailed description of the facts underlying each objection; (d) a detailed description of the legal citations, authorities, and evidence supporting each objection; and (e) a list of the exhibits that the objector may offer during the Fairness Hearing, along with copies of such exhibits. Any objection must be signed by the Class Member. The Objector must also mail the objection and all supporting law and/or evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

**COURT**
Clerk, U.S. District Court
Charles R. Jonas
Federal Building
401 West Trade Street
Charlotte, NC 28202

**CLASS COUNSEL**
Norris A. Adams, II
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203

**DEFENDANTS' COUNSEL**
Susan P. Dion
McGuireWoods LLP
201 N. Tryon Street Suite 3000
Charlotte, NC 28202

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least twenty-one (21) calendar days prior to the Fairness Hearing, or by no later than **January 15, 2018**. Any Member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred. An Objector does not have to attend the Fairness Hearing for his, her, or its objection to be considered by the Court. If the objection is timely filed and consistent with the requirements of this paragraph, it will be considered by the Court.

Appearance at Fairness Hearing. An Objector who files and serves a timely, written objection in accordance with the paragraph above may appear at the Fairness Hearing, either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the

Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) and a statement of how long the Objector anticipates needing to present the objection to the Court, and file it with the Court at least twenty-one (21) calendar days prior to the Fairness Hearing, or by no later than **January 15, 2018**. The Objector must also mail the "Notice of Intention to Appear" to counsel for the Parties. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

Response to Objectors. The Parties shall respond to any Objector at least seven (7) calendar days prior to the Fairness Hearing, or by no later than **January 29, 2018**.

Class Action Notice and Class Action Notice Expenses. All expenses incurred in disseminating the Supplemental Class Action Notice and locating corrected addresses for any Supplemental Class Action Notices returned as undeliverable shall be paid by Defendants, as set forth in the Settlement Agreement.

Motion for Final Approval of Settlement. Class Counsel shall file a Motion for Final Approval of the Settlement, application for an award of fees and costs, and all briefs and supporting papers, at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than **January 8, 2018**.

Injunction. Pending final determination of whether the Settlement should be approved, all Class Members are each hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any released claim against any of the Continental Releasees or the Plan Releasees, as those terms are defined in the Settlement Agreement.

Termination of Settlement. In the event that this Settlement does not become Final under

the terms of the Settlement Agreement, or is not finally approved by the Court, or for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Parties entered into the Settlement Agreement.

Use of Order. In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims said Class Member may have. Nor may the Settlement Agreement be offered in evidence as, received in evidence as, and/or seemed to be evidence of a presumption, concession, indication or an admission by any party of the truth of any fact alleged or the validity of any claim or defense which has been, could have been, or in the future might be asserted in the Action.

Continuance of Hearing. The Court reserves the right to continue the Fairness Hearing without further written notice.

IT IS SO ORDERED.

Signed: September 12, 2017

_____
Frank D. Whitney
Chief United States District Judge